UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-10358-PBS |
| | ) | |
| ANTONIO SANTOS | ) | |

**ORDER**

February 24, 2009

Saris, D.J.

After a hearing conducted on February 9 and 10, 2009, with defendant Antonio Santos present, and having the benefit of the reports by and testimony of Doctors Mark Cheltenham and Julia Reade, as well as the report by William J. Ryan, Ph.D., this Court, with both parties in agreement, believes that a further mental evaluation is necessary to determine whether defendant could be or has been restored to competency.

Defendant was first evaluated in June and July 2007 by Dr. William Ryan, Ph.D. at the Federal Metropolitan Correctional Center, located in New York, New York, who determined defendant was not competent to stand trial. Based on Dr. Ryan's report, this Court, with agreement of the parties, found by a preponderance of the evidence that the defendant was presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or to

assist properly in his defense.

By Order of this Court dated September 11, 2007, and pursuant to 18 U.S.C. §4142(d), defendant was committed to the Federal Medical Center, located in Butner, North Carolina where he was evaluated by Dr. Mark Cheltenham between October 2007 and February 2008.  Dr. Cheltenham determined that defendant is competent to stand trial.  Thereafter, defense counsel had defendant evaluated by Dr. Julia Reade, who concluded defendant suffers from delusional disorder and is not competent to stand trial.  After hearing the conflicting testimony from doctors Reade and Cheltenham and reviewing the competency reports submitted in this matter, this Court believes it necessary to have an additional restoration of competency evaluation conducted to assist it in determining defendant's competency status.

Accordingly, pursuant to 18 U.S.C. §4241(d)(1), defendant Antonio Santos is ordered committed to the custody of the Attorney General, who shall hospitalize the defendant for treatment in a suitable facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the proceedings in this case to go forward.  Because defendant has already been evaluated by MCC New York and FMC Butner, defendant should not be committed to either of these facilities.

Furthermore, pursuant to 18 U.S.C. §3161(h)(1)(A), an order of excludable delay for purposes of computing the time within which the trial of this case must commence is hereby entered, excluding from such computation all time commencing this date, and concluding on the date of the hearing that will be conducted before this Court under 18 U.S.C. §4241(d) to determine whether the defendant's mental condition has not so improved as to permit proceedings to go forward in this case.

BY THE COURT,

/s/ B. Saris
_____
PATTI B. SARIS
United States District Judge