UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-10358-PBS |
| | ) | |
| ANTONIO SANTOS | ) | |

**ORDER**

June 28, 2010

Saris, D.J.

By Order dated October 19, 2009, the Federal Medical Center, Rochester, Minnesota continued its evaluation and treatment of defendant Antonio Santos pursuant to 18 U.S.C. §4241(d)(1) and determination as to whether defendant was competent to stand trial.[1] On April 27, 2010, this Court received a report from FMC Rochester Psychologist Daniel Carlson, opining that defendant suffers from a mental disease, Schizophrenia, Paranoid Type, that rendered him mentally incompetent to stand trial at this time. Dr. Carlson further opined that there was not a substantial probability that defendant would attain the capacity to stand trial in the foreseeable future. At a status hearing on June 22, 2010, counsel for the defendant concurred with Dr. Carlson's report, and the government reserved its opinion until it had an opportunity to review the report further and to discuss defendant's diagnosis with Dr. Carlson. On June 22, 2010, this Court accepted Dr. Carlson's diagnosis that defendant was not presently competent to stand trial.

Accordingly, pursuant to 18 U.S.C. §4246(a), defendant Antonio Santos is ordered to remain

---

[1] On September 15, 2009, Dr. Carlson issued a report opining that defendant was incompetent to stand trial but that there was a substantial probability that in the foreseeable future he would attain the capacity to permit the trial to proceed.

committed to the custody of the Attorney General for the purpose of determining whether defendant is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. The Court requests that the Attorney General commit defendant to FMC Devens for the purpose of this determination.

Furthermore, pursuant to 18 U.S.C. §3161(h)(1)(A), an order of excludable delay for purposes of computing the time within which the trial of this case must commence is hereby entered, excluding from such computation all time commencing from the June 22, 2010 status hearing, and concluding on the date of the hearing that will be conducted before this Court under 18 U.S.C. §4241(d), if necessary, and/or 18 U.S.C. §4246(d), to determine whether there is clear and convincing evidence that defendant is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.

BY THE COURT,

/s/ Patti B. Saris

PATTI B. SARIS
United States District Judge